**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4263**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

ANTONE FIGURIED,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:12-cr-00098-NCT-1)

Submitted: November 26, 2013        Decided: May 8, 2014

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & TALCOTT, L.L.P., Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antone Figuried appeals his conviction and twenty-seven-month sentence for possession of counterfeit federal reserve notes, in violation of 18 U.S.C. § 472 (2012). Figuried challenges the sufficiency of the evidence, the application of an enhancement for obstruction of justice under U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2011), and the absence of an acceptance of responsibility downward adjustment under USSG § 3E1.1. We affirm.

Figuried first contends that the district court erred in denying his Fed. R. Crim. P. 29 motion because the Government produced insufficient evidence to support his conviction by failing to demonstrate intent to defraud. "We review de novo the district court's decision to deny a . . . Rule 29 motion for judgment of acquittal." United States v. Royal, 731 F.3d 333, 337 (4th Cir. 2013). We review the sufficiency of the evidence supporting a conviction by determining whether, in the light most favorable to the Government, there is substantial evidence in the record to support the conviction. United States v. Lespier, 725 F.3d 437, 447 (4th Cir. 2013). "Substantial evidence is . . . evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Hager, 721 F.3d 167, 179 (4th Cir. 2013) (internal

2

quotation marks omitted).  Reversal for insufficient evidence is appropriate only in cases where the Government's failure to present substantial evidence is clear.  Id.

Figuried was convicted of possession of counterfeit federal reserve notes.  To obtain a conviction, "the Government was required to prove . . . : (1) that [Figuried] possessed counterfeit money; (2) that, at the time of such possession, he knew the money [was] counterfeit; and (3) that he possessed the counterfeit money with the intent to defraud."  United States v. Leftenant, 341 F.3d 338, 347 (4th Cir. 2003).  Figuried does not dispute that he possessed the money or that it was counterfeit.  Instead, he argues that the Government failed to prove any intent to defraud.

We cannot agree.  The Government adequately proved that Figuried had an intent to defraud.  The evidence showed that the counterfeit money was hidden in a dresser drawer at Figuried's grandmother's home, away from the $14,000 in genuine currency Figuried had in his room.  See United States v. Armstrong, 16 F.3d 289, 292 (8th Cir. 1994) (stating that separation of counterfeit bills from genuine bills is evidence from which jury may infer guilty knowledge and intent to defraud).  Further, the amount of money possessed by Figuried is indicative of intent to defraud, especially where testimony established that the counterfeit bills were passable.  See

3

United States v. Lemaire, 712 F.2d 944, 948 (5th Cir. 1983) ("[P]ossession of a substantial amount of counterfeit money might be grounds for inferring knowledge and intent to defraud."). Moreover, Figuried's inability to explain credibly how he obtained possession of the counterfeit money, or why he kept it, was significant. "Relating implausible, conflicting tales to the jury can be rationally viewed as further circumstantial evidence indicating guilt." United States v. Burgos, 94 F.3d 849, 867 (4th Cir. 1996) (en banc); see also United States v. Callanan, 450 F.2d 145, 148 (4th Cir. 1971) ("Guilty knowledge and willfulness may be inferred from . . . false explanations . . . ."). Although the evidence supporting intent is circumstantial, we conclude that, when viewed in the light most favorable to the Government, the evidence is sufficient to sustain Figuried's conviction. See Hager, 721 F.3d at 179.

Figuried next attacks his sentence, contending that he was improperly assigned an obstruction of justice enhancement under USSG § 3C1.1. "In assessing whether a sentencing court properly applied the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo." United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008). A defendant merits a two-level obstruction of justice enhancement where he "willfully obstructed or impeded, or attempted to

4

obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense." USSG § 3C1.1. As the application notes clarify, the enhancement applies to perjury. USSG § 3C1.1 cmt. n.4(B). The district court found that the defendant gave false testimony under oath "concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993); United States v. Smith, 62 F.3d 641, 646-47 (4th Cir. 1995). The district court also properly found that the obstruction of justice enhancement was separately justified because Figuried removed his ankle monitor and absconded from house arrest while awaiting sentencing. See USSG § 3C1.1 cmt. n.4(E). Accordingly, we conclude that the district court did not clearly err in applying the enhancement for obstruction of justice.

Finally, the district court's denial of a downward adjustment for acceptance of responsibility is also without error. Under § 3E1.1, a defendant may receive an offense level reduction by clearly demonstrating acceptance of responsibility for his offense. Here, Figuried argued that he accepted

5

responsibility for possession of the counterfeit money. Although Figuried contends this clearly demonstrates his acceptance of responsibility, his argument is underminded by the fact that he proceeded to trial and placed his factual guilt at issue on the element of intent to defraud, and especially so when he received an enhancement for obstruction of justice. See USSG § 3E1.1 cmt. nn.2, 4; see United States v. Smoot, 690 F.3d 215, 224-25 (4th Cir. 2012), cert. denied, 133 S. Ct. 962 (2013). As a result, Figuried fails to demonstrate that the district court erred in declining to apply an offense level reduction under § 3E1.1 for acceptance of responsibility.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED